UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK HUPP | ) | CASE NO: 5:25-CV-00315 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| AMERICAN COUNTEROPS, INC., | ) | |
| | ) | **(Resolves Docs. 5, 9)** |
| Defendant. | ) | |

Defendant American Countertops, Inc's motion to dismiss for failure to state a claim is pending before the Court. Doc. 9. Upon review, the motion to dismiss for failure to state a claim on which relief can be granted is GRANTED in part and DENIED in part. Defendant filed an earlier motion to dismiss, doc. 5, which the Court DISMISSES as MOOT due to the filing of an amended complaint, doc. 8.

I.      Factual Background

Defendant hired Plaintiff Derek Hupp as a builder and CNC operator in December of 2023. Doc. 8. ¶33-34. Plaintiff asserts that he suffered from serious medical conditions throughout his employment, including a migraine condition, and that Defendant was aware of his conditions.  Doc. 8, ¶35-36. Plaintiff's migraines caused "extreme dizziness at times and disorientation". Doc. 8, ¶36.  Due to medical reasons, such as attending medical appointments, Plaintiff missed a few days of work between January and early July of 2024. Doc. 8, ¶38.

Plaintiff asserts that a former supervisor warned him that his absence for appointments would not look good. Doc. 8, ¶41. Accordingly, Plaintiff cancelled future medical appointments. Doc. 8, ¶45.

On July 8, 2024, Plaintiff suffered a significant migraine episode at work, which resulted in him missing several days of work. Doc. 8, ¶47. Plaintiff informed Defendant of this episode and communicated with them daily. Doc. 8, ¶50-51. Plaintiff informed Defendant that he needed time off until his migraine episode passed and he was able to schedule a neurological appointment and be medically cleared to return to work. Doc. 8, ¶53-54. On July 25, 2024, Defendant terminated Plaintiff via voicemail from his supervisor, Jim Yoder. Doc. 8, ¶60-61. Plaintiff asserts that in this voicemail, Yoder informed him that they would have to let him go and replace him with someone who was "going to be at work". Doc. 8, ¶62. In response, Plaintiff sent Yoder a text thanking him for the opportunity and expressing regret that things progressed as they did. Doc. 8, ¶67.

After termination, Plaintiff applied for unemployment compensation benefits with the Ohio Department of Jobs and Family Services ("ODJFS"). Doc. 8, ¶81. Plaintiff asserts that Defendant provided intentionally false information to ODJFS, stating that he quit his job by failing to provide it with an update on when/if he would be able to work. Doc. 8, ¶83-84.

II.     Law

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a

> plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court need accept only the complaint's well-pleaded factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." (citing *Twombly*,

3

550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.*

A.   **Disability Discrimination: Counts 1 and 2**

In counts one and two of his complaint, Plaintiff asserts that Defendant terminated him because of his disability in violation of state and federal law.[1] Doc. 8, p. 10.

The Americans with Disability Act prohibits covered employers from discriminating against qualified employees "on the basis of a disability." 42 U.S.C. § 12112(a). A claim of discriminatory discharge under this provision must plausibly allege that the plaintiff (1) had a disability; (2) was "qualified to perform" the job's "requirements with or without reasonable accommodation"; and (3) "would not have been discharged but for the disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020).

Defendant moves to dismiss, asserting that Plaintiff failed to state a claim because he did not assert sufficient facts to show that 1) he has a disability and 2) that he was replaced by his employer. Doc. 9, p. 6. To support its argument, Defendant points to the prima face case required to establish a violation of the ADA, which includes a showing that he was replaced. Doc. 9, p. 6, quoting *Carroll v. Identity Sec*. USA, LLC, No. 23-6075, 2025 U.S. App. LEXIS 8384, at *11-12 (6th Cir. Apr. 7, 2025).

The Court notes that the case Defendant cites discusses the prima facie case of an ADA claim in the context of a summary judgment motion. Defendant asserts that Plaintiff must allege sufficient facts to support a prima facie case of disability discrimination.  Id.

---

[1] Claims under the ADA and Ohio law are analyzed in the same fashion. *Crossley v. Kettering Adventist Healthcare*, No. 23-3346, 2024 U.S. App. LEXIS 2193, 2024 WL 338163, at *5 (6th Cir. Jan. 30, 2024))); see also *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 288 (6th Cir. 2012) (as applied to ADEA and related Ohio retaliation claims); *Rorrer v. City of Stow*, 743 F.3d 1025, 1030 n.1, 1046 (6th Cir. 2014) (as applied to ADA and related Ohio law retaliation claims). *Lampkin v. Silver Line Bldg. Prods., LLC*, No. 3:22-cv-1810, 2025 U.S. Dist. LEXIS 59938, at *12 (N.D. Ohio Mar. 31, 2025).

However, "the prima facie case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement." *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A*, 534 U.S. 506, 510 (2002)). The Supreme Court has noted that "[t]his Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz*, supra, at 511. Accordingly, Plaintiff is not required to establish a prima facie case in his complaint but rather must state sufficient facts to establish that he 1) had a disability; (2) was "qualified to perform" the job's "requirements with or without reasonable accommodation"; and (3) "would not have been discharged but for the disability." *Darby*, 964 F.3d at 444. This remains true under the "plausibility" standard set forth in *Twombly* and *Iqbal*. *Keys v. Humana, Inc.*, 684 F.3d at 610. Accordingly, Defendant's assertion that Plaintiff must set forth facts to establish that he was replaced is without merit.

Defendant asserts that Plaintiff fails to set forth sufficient facts that he is disabled. Doc. 9, p. 6. The ADA defines disability as a "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major left activities are defined as, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures." Id.§ 12102(4)(E). Accordingly, "[t]he definition of disability...shall be construed in favor of broad coverage of individuals under this chapter,

5

to the maximum extent permitted by the terms of this chapter." Id.§ 12102(4). Further, "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." Id.§ 12102(4)(D).

Plaintiff sets forth details of his alleged disability, a migraine condition, in paragraphs 10-31 of his complaint. Doc. 8, p. 2-4. For purposes of this motion, the Court must accept these allegations as true. *Iqbal*, supra. Plaintiff asserts that he has been diagnosed with Vestibular migraine condition, which is permanent and episodic. Doc. 8, ¶¶11, 12, 14, 15. This condition causes dizziness, vertigo and balance problems, nausea, light sensitivity and sound sensitivity. Doc.8, ¶13. During episodes, he "suffers sever limitations on several major life activities," including "walking, communicating, concentrating, thinking, sleeping, working, and several other basic functions." Doc. 8, ¶¶17, 18. Plaintiff very clearly has set forth sufficient facts to establish that he has a disability.

Defendant acknowledges that "Plaintiff alleges that he has a very serious condition that could have resulted in multiple debilitating episodes and could have affected numerous life activities, but he did not actually suffer these episodes or actually miss any work prior to July 8, 2024, and the symptoms were resolved within three (3) days of treatment." Doc. 11, p. 3. In other words, Defendant challenges the *merits* of Plaintiff's allegations, not the sufficiency. Accordingly, Defendant's motion to dismiss count one and two is denied.

**B.** **Failure to Accommodate: Counts 3 and 4**

In counts three and four, Plaintiff asserts that Defendant failed to accommodate his disability in violation of federal and state law. Doc. 8, p. 12-13.

The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Accordingly,

> [t]o assert a failure to accommodate claim, Plaintiffs must plausibly allege that they are (1) disabled, yet (2) otherwise qualified for the position despite their disability: (a) without accommodation from the employer; (b) with an alleged essential job requirement eliminated; or (c) with a proposed reasonable accommodation; (3) that their employer was aware of their disability; (4) that they requested an accommodation; and (5) that their employer failed to provide the requested reasonable accommodation.

*Hazen v. Foundation*, No. 1:21-cv-01965, 2022 U.S. Dist. LEXIS 137531, at *22 (N.D. Ohio July 29, 2022) (quoting *Schobert v. CSX Transp. Inc.*, 504 F. Supp. 3d 753, 791-92 (N.D. Ohio 2020)). In his complaint, Plaintiff asserts that he informed Defendant of his disability and requested "temporary leave or time off to attend his doctor's appointments in order to get treatment for his latest migraine episode." Doc. 8, ¶127. Defendant does not assert that a request for *temporary leave* is unreasonable. Defendant acknowledges that Plaintiff sought an accommodation but contends that the request was unreasonable, because the leave request was "open-ended". Doc. 9, p. 9. Accepting Plaintiff's allegations as true, he has set forth sufficient facts that he requested an accommodation in the form of temporary leave. Defendant's contention that this leave was "open-ended" is again a challenge to the merits of the allegation, not the sufficiency. Accordingly, Defendant's motion to dismiss counts three and four is denied.

C. **<u>Post-Employment Retaliation: Count 6</u>**[2]

In Count six, Plaintiff contends that Defendant retaliated against him post-termination by making false statements to ODJFS. The ADA provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "[A]lthough the ADA more generally states that '[n]o person' shall commit unlawful retaliation, the Sixth Circuit has clarified that the 'ADA prohibits an employer from retaliating against an employee because the employee engaged in protected activity.' *Dickson v. Green Dot Pub. Sch. Tenn*., No. 2:22-cv-02070-SHM-cgc, 2022 U.S. Dist. LEXIS 158142, at *17 (W.D. Tenn. June 27, 2022) (citing *Walborn v. Erie County Care Facility*, 150 F.3d 584, 588 (6th Cir. 1998) (citing 42 U.S.C. § 12203(a))).

The act Plaintiff complains of here, Defendant's alleged false statement to ODJFS, occurred *after* Plaintiff's termination.  Thus, Plaintiff cannot establish liability under the ADA because Defendant was no longer Plaintiff's employer. *Dickson*, supra.

Further, "the Sixth Circuit has held that 'disabled former employees are not 'qualified individuals' with a disability under Title I of the ADA[,]' and therefore a former employee does not have standing to sue her former employer under the ADA for retaliation that allegedly occurred after the employment ended." *Kelly v. First Data Corp*., No. 1:19-cv-372, 2020 U.S. Dist. LEXIS 116318, at *19-20 (S.D. Ohio June 30, 2020) (quoting

---

[2] Defendant does not move to dismiss Count 5, "Retaliation Under the Americans with Disabilities Act." Therefore, this Count remains pending.

8

*McKnight v. Gen. Motors Corp.*, 550 F.3d 519, 528 (6th Cir. 2008)). Accordingly, Plaintiff's post-termination retaliation claim, Count Six, is dismissed.

### III. Conclusion

Defendant's motion to dismiss for failure to state a claim on which relief can be granted is GRANTED in part and DENIED in part. Count Six of Plaintiff's complaint is DISMISSED. Doc. 8. The remainder of his claims shall proceed.

The Court DISMISSES as MOOT Defendant's earlier motion to dismiss. Doc. 5.

IT IS SO ORDERED.


January 26, 2026                          /s/ *Judge John R. Adams*
Date                                      JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT